# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**REBECCA J. DAVIS,**
**Claimant Below, Petitioner**

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0079** (BOR Appeal No. 2052093)
                    (Claim No. 2009089988)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca J. Davis, by Samuel F. Hanna, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is whether internal derangement of the right knee should be added to the claim and whether surgery and temporary total disability benefits should be authorized. The claims administrator denied the addition of internal derangement of the right knee, denied surgery, and denied temporary total disability benefits on January 9, 2017. The Office of Judges affirmed the decision in its June 27, 2017, Order. The Order was affirmed by the Board of Review on January 5, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Davis, a clerk, was injured in the course of her employment on May 10, 2009, when she slipped and fell in water, landing on her knees. An x-ray of the knees taken that day showed no abnormalities. A May 11, 2009, treatment note by Allen Young, M.D., indicates Ms. Davis fell onto her knees at work, with the right knee taking most of the fall. He assessed bilateral knee sprains and contusions. He stated that there could be some cartilage damage in the knee as well.

---

[1] A response was not filed on behalf of Wal-Mart Associates, Inc.

1

A treatment note by Kyle Hegg, M.D., dated June 30, 2009, indicates x-rays of the knees showed mild peaking of the tibial spines. He diagnosed osteoarthritis, contusion, and derangement of the medial meniscus. Dr. Hegg opined that Ms. Davis had contused or strained her knee and that the knee had some arthritis in it. A meniscal tear was possible and an MRI was requested. The MRI taken on August 19, 2009, showed a small joint effusion, a small bony contusion, and no evidence of ligament injury or meniscal tearing.

Ms. Davis was treated by Vivek Neginhal, M.D., on several occasions. On September 14, 2008, he reviewed the MRI and found mild to moderate osteoarthritis in both knees. He diagnosed osteoarthritis and started Ms. Davis on medication and physical therapy. He opined that the work-related knee injury caused a flare up of the osteoarthritis. The MRI was negative for an internal derangement. On October 1, 2010, he injected the knee. The assessment was osteoarthritis of the knee, contusion, and deranged post medial meniscus. On July 19, 2010, Ms. Davis's right knee was improving, and she was working full-time.

An April 20, 2011, treatment note by James Cox, D.O., indicates Ms. Davis reported that physical therapy was not of much help. His impression was right knee contusion with bursitis, instability of the knee with medial tearing, and probable early patellofemoral chondromalacia. He requested authorization for diagnostic and surgical arthroscopy.

Jerry Scott, M.D., performed an independent medical evaluation on May 24, 2011, in which he found that Ms. Davis suffered a contusion superimposed on preexisting degenerative joint disease in the right knee. The knee contusion had healed, and her symptoms were typical for degenerative disease. He found that the MRI did not show a meniscal tear. Continued medical treatment was not necessary for the contusion, and he opined that any treatment beyond the first few weeks was directed at her osteoarthritis. Dr. Scott assessed 4% impairment for the right knee and apportioned 2% to the compensable injury. Dr. Scott stated that the objective studies showed significant degenerative disease in the knee that preexisted the compensable injury. Based on Dr. Scott's evaluation, the claims administrator denied arthroscopic surgery of the right knee on June 14, 2011. On April 4, 2012, it denied a request for physical therapy for the right knee.

In a June 13, 2012, treatment note, Dr. Cox diagnosed contusion of the knee with bursitis, patellar instability with a medial tear, and early patellofemoral chondromalacia. He again requested authorization for surgery. On July 30, 2012, the Office of Judges affirmed the claims administrator's denial of physical therapy. It found that Ms. Davis's continuing problems were the result of osteoarthritis. Dr. Scott's evaluation was found to be more persuasive than Dr. Cox's treatment notes.

On June 2, 2014, Dr. Cox stated in a treatment note that he last saw Ms. Davis in 2009. She had returned with complaints of front and medial pain in the right knee. He noted that she had chronic arthritis. An x-ray taken in office showed mild joint space narrowing. Dr. Cox recommended diagnostic and surgical arthroscopy. His diagnoses were knee sprain and internal derangement of the knee. Dr. Cox completed a reopening application on March 11, 2015, listing the current diagnoses as knee sprain and internal derangement of the right knee. He stated that

Ms. Davis was having diagnostic and surgical arthroscopy and would need physical therapy. In a March 11, 2015, diagnosis update, Dr. Cox listed internal derangement of the right knee as a condition that should be added to the claim. He completed an attending physician statement for Wal-Mart on March 17, 2015. Dr. Cox diagnosed internal derangement of the right knee and stated that Ms. Davis was going to undergo surgery.

The claims administrator denied diagnostic and surgical arthroscopy of the right knee, a diagnosis update, and temporary total disability benefits on January 9, 2017. The Office of Judges affirmed the decision in its June 27, 2017, Order. It found that an Office of Judges Order dated July 30, 2012, affirmed a denial of physical therapy and found that Ms. Davis's internal derangement was due to degenerative disease. The Office of Judges in that case relied on Dr. Scott's independent medical evaluation in which he found that the compensable injury was a contusion with a sprain superimposed on preexisting degenerative disease. The Office of Judges found that Ms. Davis made no protest of the compensability of internal derangement of the right knee until the protest at issue. It determined that the evidence shows that the right knee condition is the result of degenerative changes, not the compensable injury. Additionally, the MRI dated August 19, 2009, found no evidence of meniscal or ligament tears. Further, Dr. Hegg made a diagnosis of arthritis a month after the injury, indicating the injury was not the cause of the condition. Because the evidence does not indicate Ms. Davis sustained internal derangement as a result of the compensable injury, the denial of the addition of the condition to the claim was affirmed. Because the diagnostic and arthroscopy surgery was requested to treat internal derangement of the right knee, the requested surgery was also denied as it was unnecessary to treat a compensable condition in the claim. The Office of Judges also determined that the temporary total disability benefits were requested for the time period after surgery for the internal derangement of the right knee. Because the temporary total disability benefits are not necessary for a compensable injury, the denial of benefits was also affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 5, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates that if Ms. Davis does have internal derangement of the right knee, it is not the result of the compensable injury but rather the result of preexisting degenerative disease. Surgery and temporary total disability benefits were therefore also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

4